**Dated: March 27, 2017**
**The following is SO ORDERED:**

_____
**David S. Kennedy**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| In re | Case No. 16-27850-K |
| William H. Thomas, Jr., | Chapter 11 |
| Debtor. | |
| SSN: xxx-xx-8251 | |

---

**MEMORANDUM AND ORDER DENYING CHAPTER 11 DEBTOR IN POSSESSION'S "MOTION TO STAY THIS COURT'S ORDERS PENDING APPEAL" COMBINED WITH NOTICE OF THE ENTRY THEREOF**

---

**INTRODUCTION**

Mr. William H. Thomas, Jr., the above-named Chapter 11 debtor in possession ("Debtor" or "Mr. Thomas"), filed the instant motion seeking a stay pending appeal pursuant to Fed. R. Bankr. P. 8007(a)(1) after filing a notice of appeal arising out of two (2) prior orders of this Court: first, a November 28, 2016 Order granting Clear Channel Outdoor, Inc.'s ("Clear Channel") motion under 11 U.S.C. § 362(d)(1) seeking relief from the automatic stay as well as the Joinder thereto filed by Tennison Brothers, Inc. ("Tennison Brothers") pursuant to Fed. R. Bankr. P. 7018(a), and, second, a January 12, 2017 Memorandum and Order denying "Debtor's Motion To Alter Or Amend Court's Order Lifting Automatic

1

Stay as to Clear Channel, Inc. and Tennison Brothers, Inc." The notice of appeal giving rise to this motion to stay pending appeal was filed on January 26, 2017, and has been transmitted to the United States District Court for the Western District of Tennessee ("District Court") to hear and determine under 28 U.S.C. § 158(a)(1).

This core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G) arises out of the "Debtor's Motion to Stay Court's Orders Pending Appeal" ("Motion") filed on February 6, 2017, by Michael P. Coury, Esquire ("Mr. Coury"), on behalf of Mr. Thomas. Mr. Coury is the current Chapter 11 attorney of record for Mr. Thomas. The Motion resulted in two (2) written objections thereto filed by Robert L. J. Spence, Jr., Esquire ("Mr. Spence") and Kristina A. Woo, Esquire ("Ms. Woo"), attorneys for the creditor, Clear Channel, and Kathy Baker Tennison, Esquire ("Ms. Tennison") and Stuart B. Breakstone, Esquire ("Mr. Breakstone"), attorneys for the creditor, Tennison Brothers. The attorneys for all the immediate parties in interest participated in the oral arguments for and against the Motion that were held in open court on March 14, 2017.

The ultimate question here for judicial determination arises out of the FED. R. BANKR. P. 8007(a)(1) Motion filed by Mr. Thomas. Query: Whether this Court should stay the two (2) orders of this Court entered on November 28, 2016, and January 12, 2017, pending their appeal?

As noted earlier, this is a core proceeding, and the Court has both the statutory and constitutional authority to hear and determine this proceeding subject to the statutory appellate provisions of 28 U.S.C. § 158(a)(1). The following shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND INFORMATION AND PROCEDURAL HISTORY**

A detailed discussion of the relevant pre- and postpetition background facts and procedural history of this Chapter 11 case may be helpful here and is summarized as follows. Mr. Thomas, an attorney, apparently is a resident of both the State of Tennessee and the State of Florida, who, among other things, conducts business in Memphis, Tennessee. Clear Channel is a Delaware corporation with its principal

2

address located in San Antonio, Texas; however, at all relevant times here, Clear Channel owned and/or operated billboard advertising structures in Shelby County, Tennessee. Tennison Brothers also is a corporate entity with its principal business office located in Memphis, Tennessee. Clear Channel and Tennison Brothers are prepetition Shelby County, Tennessee, Chancery Court ("State Court") judgment creditors of Mr. Thomas. The prepetition State Court judgment is currently pending on appeal before the Tennessee Court of Appeals for the Western Section at Jackson ("Tennessee Court of Appeals").

John E. Venn, Jr., Esquire ("Mr. Venn"), former Florida bankruptcy attorney of record for Mr. Thomas, filed an original voluntary petition for relief under Chapter 11 of the Bankruptcy Code on behalf of Mr. Thomas on June 6, 2016, in the Bankruptcy Court for the Northern District of Florida. After several months of litigation, Mr. Spence, acting as attorney on behalf of Clear Channel, filed under 28 U.S.C. § 1412 and FED. R. BANKR. P. 1014(a) a "Motion to Transfer Case to Another District," [Dkt. # 58]; and Mr. Thomas filed a "Response" thereto. [Dkt. # 77]. After notice and a hearing, the Bankruptcy Court for the Northern District of Florida entered an "Order Granting Motion to Transfer Bankruptcy Case to United States Bankruptcy Court, Western District of Tennessee, Western Division" on August 11, 2016, reasoning that the Western District of Tennessee was a more convenient forum and also that such transfer was in the interest of justice based on, *inter alia*, the location of the creditors. [Dkt. # 86]. *See* 28 U.S.C. § 1412 and FED R. BANKR. P. 1014(a). The Chapter 11 case was officially transferred to this Bankruptcy Court on August 29, 2016. No appeal was taken by Mr. Thomas.

On August 30, 2016, Mr. Thomas filed an "Application to Employ Michael P. Coury and Glankler Brown, PLLC, [of Memphis, Tennessee] as Attorneys for Debtor," [Dkt. # 91], which was granted by this Court after notice and a hearing on September 27, 2016. [Dkt. # 128]. *See* 11 U.S.C. § 327(a) and FED. R. BANKR. P. 2014(a). Mr. Venn subsequently filed a "Motion to Withdraw as Attorney" on October 11, 2016, [Dkt. # 150]; and this Court granted his motion on November 21, 2016. [Dkt. # 183].

On October 28, 2016, Clear Channel filed a "Motion and Memorandum of Clear Channel Outdoor, Inc. for Relief from Automatic Stay to Allow Pending Appeal to the Tennessee Court of Appeals to Proceed to Finality" [Dkt. # 164]; and on October 31, 2016, Tennison Brothers filed a "Notice of Joinder." [Dkt. #

3

165]. On November 17, 2016, Mr. Thomas filed "Debtor's Objection to Motion of Clear Channel Outdoor, Inc. for Relief from Automatic Stay and Joinder of Tennison Brothers, Inc. in Motion" [Dkt. # 174]; and on November 18, 2016, Clear Channel filed a "Reply." [Dkt. # 176]. This contested matter pursuant to FED. R. BANKR. P. 9014(a) came on to be heard before this Court on November 23, 2016; and a combined order granting both Clear Channel's Motion for Relief from the Automatic Stay and Tennison Brothers' Notice of Joinder was entered on November 28, 2016, after notice and opportunity for a hearing. [Dkt. # 190]. The November 28, 2016 Order is the first matter that is presently on appeal to the District Court.

On December 12, 2016, Mr. Thomas filed the "Debtor's Motion to Alter or Amend Court's Order Lifting Automatic Stay as to Clear Channel, Inc. and Tennison Brothers, Inc." [Dkt. # 197]. On December 27, 2016, Clear Channel filed a response, [Dkt. # 201], and Tennison Brothers filed an objection. [Dkt. # 202]. A reply was filed by Mr. Thomas on December 30, 2016. [Dkt. #204]. This contested matter came on to be heard before this Court on January 3, 2017; and a memorandum and order denying Mr. Thomas' Motion to alter or amend was entered on January 12, 2017. [Dkt. # 208]. The January 12, 2017 Memorandum and Order is the second matter that is currently on appeal to the District Court.

On February 6, 2017, Mr. Thomas filed a "Motion to Stay Court's Orders Pending Appeal;" this is the instant matter now before this Court for consideration. [Dkt. # 224]. Both Clear Channel and Tennison Brothers filed separate objections on March 7, 2017, [Dkt. # 234, 236], and a hearing thereon was held before this Court on March 14, 2017, at which time the Court heard oral arguments of the parties' attorneys. A judicial determination on the instant Rule 8007(a)(1) Motion to stay and the objections thereto were taken under submission by this Court. This Memorandum and Order now addresses the matters taken under submission.

Clear Channel and Tennison Brothers have both filed proofs of claim in this Chapter 11 case based upon the prepetition judgment rendered by the Tennessee State Court on February 4, 2016, against Mr. Thomas. *See* Proof of Claim Nos. 4 and 7. However, Mr. Thomas disputes the claims (and prepetition State Court judgment) of both Clear Channel and Tennison Brothers in, for example, his official bankruptcy Schedules and oral statements made in open court. *See* [Dkt. # 39, Sch. E]. In addition to the pending

4

appeal arising out of the State Court judgment, it is expressly noted that Clear Channel and Tennison Brothers also have filed separate adversary proceedings in this Chapter 11 case under 11 U.S.C. § 523(a)(6) seeking to determine the dischargeability of their respective claims against Mr. Thomas based on the prepetition Shelby County State Court judgment. *See* Adv. Proc. Nos. 16-00260 and 16-00261 herein.

<u>Pending State Court Civil Actions</u>

By way of further background facts and procedural history, it is noted that on July 16, 2008, Tennison Brothers filed its "Original Complaint for Damages in the Chancery Court of Shelby County, Tennessee," [Dkt. # 123, Ex. 1]; and on December 4, 2009, it also filed its "Second Amended Complaint" ("Tennison Brothers' State Court complaint"). [Dkt. # 123, Ex. 2]. The Tennison Brothers' State Court complaint alleged, *inter alia*, that Mr. Thomas constructed an unpermitted and illegal billboard without obtaining a permit under the Tennessee Billboard Act. TENN. CODE ANN. § 54-21-101, *et seq.* ("the Billboard Act"); *see also* TENN. CODE ANN. §§ 54-21-104, 54-21-105, and 54-21-112. The Tennison Brothers' State Court complaint states that the "illegally constructed billboard interferes with the construction of the billboard on the Plaintiff's property," and more specifically that Mr. Thomas intentionally interfered with business relationships, induced breach of contract, and created a public nuisance by failing to remove an "illegal" and "unpermitted" billboard. [Dkt. # 123, Ex. 2 at ¶¶ 15, 19-22, 28-29, and 33-35].

On September 8, 2008, Clear Channel filed a "Cross-Complaint" against Mr. Thomas alleging that he intentionally interfered with Clear Channel's contract with Tennison Brothers by constructing a billboard not permitted under the Billboard Act. [Dkt. 122, Ex. 1 at ¶¶ 19-25, 27, 29-36, and 38-41]. In its cross-complaint, Clear Channel alleged that Mr. Thomas "failed to obtain a lawful permit for the erection of the billboard"; that his billboard was "illegal"; and that his "illegally constructing a billboard on … was tortious (sic) and designed to cause harm to the business relationship" between Clear Channel and Tennison Brothers. [Dkt. # 122, Ex. 1 at ¶¶ 11, 16, and 34].

On November 20, 2009, the State Court entered a default judgment against Mr. Thomas for his contumacious conduct in refusing to respond or to participate in the discovery process despite having been previously ordered to do so.[1] [Dkt. # 122, Ex. 2]. On June 4, 2010, the State Court imposed an additional sanction on Mr. Thomas for his failure to appear at his scheduled deposition and also his refusal to produce discovery documents. *See* [Dkt. # 122, Ex. 3]. As a result of Mr. Thomas' continued contumacious conduct, the State Court prohibited Mr. Thomas from "present[ing] proof related to damages or in defense thereto." *See Id*.

On August 6, 2014, the Tennessee Court of Appeals adjudicated that Clear Channel and Tennison Brothers were entitled to damages against Mr. Thomas for his intentional tortious acts. *See Tennison Brothers, Inc. v. William H. Thomas, Jr.*, 2014 WL 3845122 (Aug. 6, 2014); *see also* [Dkt. # 122, Ex. 4]. The Tennessee Court of Appeals remanded the case to the Shelby County State Court solely for a determination of appropriate amount of damages in favor of Clear Channel and Tennison Brothers. *See* Docket No. W2013-01835-COA-R3-CV ("First Appeal").

After the appellate case was remanded by the Tennessee Court of Appeals, the Shelby County State Court entered an "Order of Reference to *Determine Amount of Damages and Financial Status* of William H. Thomas, Jr.," [Dkt. # 122, Ex. 5]; and on June 2, 2015, the previously appointed Special Master conducted a hearing with all the relevant parties present to determine Clear Channel's and Tennison Brother's damages and Mr. Thomas' financial status. On August 14, 2015, the Special Master issued his report, and determined that Mr. Thomas' willful and malicious acts had damaged Clear Channel in the amount of $3,906,000.00 and also Tennison Brothers in the amount of $1,094,670.94. *See* [Dkt. # 122, Ex. 6]. On October 29, 2015, the State Court conducted a hearing on the Special Master's report.

After the hearing on the Special Master's report, the State Court conducted its own independent review of the damage proceedings before the Special Master and reviewed the proposed findings of fact

---

[1] Default judgments may have dire consequences. *See, e.g., Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 318 (6th Cir. 1997); *see also H.G. Hill Realty Co. v. Re/Max Carriage House, Inc.*, 428 S.W.3d 23, 30 (Tenn. Ct. App. 2013); *Clark v. Sputniks, LLC*, 368 S.W.3d 431 (Tenn. 2012); *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 101 (Tenn. 1984), among others.

and conclusions of law submitted by the parties. On January 29, 2016, the State Court expressly adopted the report of the Special Master. *See* [Dkt. # 122, Ex. 7]. On February 4, 2016, while still on remand, the State Court entered a judgment in favor of Clear Channel in the amount of $3,906,000.00 and also in favor of Tennison Brothers in the amount of $1,094,670.94. *See* [Dkt. # 122, Ex. 8]; *see also* [Dkt. #123, Ex. 3]. On March 22, 2016, the State Court entered an order denying Mr. Thomas' Rule 59 motion.

On April 15, 2016, Mr. Thomas appealed the *Final State Court Judgment* to the Tennessee Court of Appeals. *See* Docket No. W2016-00795-COA-R3-CV ("Second Appeal"). The scope of the Second Appeal is limited to appellate review of three (3) issues: (1) whether the State Court appropriately calculated the amount of damages due Clear Channel and Tennison Brothers against Mr. Thomas; (2) whether the State Court's February 2016 Order is a final order; and (3) whether the factual allegations of the Complaint sufficiently stated facts which would create liability to Mr. Thomas. However, after filing the notice of appeal, on June 3, 2016, Mr. Thomas submitted a *Suggestion of Bankruptcy* to the Tennessee Court of Appeals; and on June 7, 2016, the Tennessee Court of Appeals entered a stay. Subsequently, this Court entered an order granting relief from the § 362(a) automatic stay via a modification under 11 U.S.C. § 362(d)(1) to allow the non-bankruptcy appeals to proceed to finality as well as an order denying Mr. Thomas' Rule 9023 motion to alter or amend this Court's order. It is the above two (2) orders that led Mr. Thomas to file his appeal, consequently leading to the instant Rule 8007(a)(1) Motion to stay pending appeal.

Pending Appeal of Bankruptcy Court's Orders

The present appeal was filed in the United States District Court for the Western District of Tennessee, on February 1, 2017, and was assigned to the Honorable Sheryl H. Lipman. *See Thomas v. Tennison Brothers, Inc. & Clear Channel Outdoor, Inc.*, No. 17-02067 (W.D. Tenn. filed Feb. 1, 2017). It is parenthetically noted that Mr. Thomas also has filed a duplicative "Motion to Stay Bankruptcy Court's Order Pending Appeal" in the above-captioned District Court case. *See* FED. R. BANKR. P. 8007(a)(1). The parties' attorneys orally stated in open court before this Court that the motion pending before Judge Lipman

has been fully briefed as of March 13, 2017; and they are now simply awaiting a ruling. Notwithstanding this, Mr. Thomas expressly requested this Court to rule on the instant Rule 8007(a)(1) Motion.

### 11 U.S.C. § 523(a)(6) Dischargeability Adversary Proceedings

By way of further background information, it also is noted that both Clear Channel and Tennison Brothers entered into a certain lease agreement, which became effective on August 19, 2004, wherein Clear Channel leased certain space from Tennison Brothers for an outdoor advertising structure. The rent was to commence on the date the construction was completed. The subsequent bankruptcy § 523(a)(6) dischargeability adversary proceedings against Mr. Thomas, being No. 16-00260 for Clear Channel and No. 16-00261 for Tennison Brothers, arise out of the Shelby County State Court's findings of fact and conclusions of law that Mr. Thomas acted "willfully and maliciously" by intentionally interfering with the parties' business relationship causing a breach of contract. Relying on the doctrine of collateral estoppel, Clear Channel and Tennison Brothers both assert that their prepetition State Court judgment against Mr. Thomas is a non-dischargeable debt under 11 U.S.C. §523(a)(6). *See*, for example, *Grogan v. Garner*, 111 S. Ct. 654 (1991).[2] Mr. Thomas has filed an answer in both bankruptcy adversary proceedings asserting, *inter alia*, that the State Court judgment by which the above-named parties rely is not final as it is currently on appeal before the Tennessee Court of Appeals. It is recalled that this Court has previously granted relief from the automatic stay via a modification under 11 U.S.C. § 362(d)(1) to allow the State Court appeal to proceed to finality.

### Pending TN-(W) District Court Civil Action

By way of deeper relevant background information, on or about August 19, 2004, Clear Channel entered into a lease agreement ("Lease") with Tennison Brothers for the purpose of constructing an outdoor advertising structure ("Tennison Billboard") on Tennison Brothers' property at Log Mile 2.40 on I-40 East in Shelby County. On August 27, 2004, Clear Channel filed an application with the Tennessee Department

---

[2] *See also Panther Petroleum, LLC v. Couch* (*In re Couch*), No. 16-8009 (B.A.P. 6th Cir. February 2, 2017), *appeal docketed*, No. 17-5194 (6th Cir. filed February 16, 2017).

of Transportation ("TDOT") seeking permits to construct the Tennison Billboard, and on September 8, 2004, Clear Channel's application to TDOT was approved. However, on August 31, 2004, Mr. Thomas applied to TDOT to erect a billboard on the same side of the highway and less than 1,000 feet away from the billboard TDOT approved for Clear Channel on September 8, 2004. TDOT denied Mr. Thomas' application due to his request being in violation of TDOT Rule 1680-2-3-.03(1)(a)4(i)(I)[3] and TDOT's prior approval granted to Clear Channel. On December 1, 2004, Mr. Thomas appealed the denial of his application to an Administrative Law Judge. As a result of the appeal filed by Mr. Thomas, TDOT voided the permit it previously issued to Clear Channel to erect the Tennison Billboard.

During the pendency of Mr. Thomas' TDOT appeal, Mr. Thomas apparently constructed the billboard ("Thomas Billboard") without first receiving permission from the State of Tennessee. On November 16, 2005, TDOT first discovered the Thomas Billboard, which had been constructed without State permits.

On March 5, 2007, Administrative Law Judge, the Honorable Thomas G. Stovall, issued a written ruling that TDOT had properly issued to Clear Channel permits to construct the Tennison Billboard and that the Thomas Billboard was illegally constructed and should be immediately removed. After Judge Stovall issued his ruling on March 5, 2007, Mr. Thomas refused to remove the Thomas Billboard. Mr. Thomas then appealed the Order to the Honorable Gerald F. Nicely, the Commissioner of TDOT. [Case No. 22.01-063021J]. On July 31, 2007, the Commissioner of TDOT issued a Final Order upholding the Order issued by the Administrative Law Judge and held that the Thomas Billboard had been illegally constructed and should be immediately removed. After the Commissioner of TDOT issued his ruling, Mr. Thomas nonetheless refused to remove the Thomas Billboard.

On December 17, 2013, Mr. Thomas filed a lawsuit against TDOT asserting several causes of action including the challenging of the constitutionality of the Tennessee Billboard Act on First Amendment grounds (the "Federal Suit"). *See Thomas v. Schroer*, No. 13-02987 (W.D. Tenn. filed Dec. 17, 2013); *see*

---

[3] TDOT Rule 1680-2-3-.03(1)(a)(4)(i)(I) provides that "no two structures shall be spaced less than 1,000 feet apart on the same side of the highway."

*also* [Dkt. # 197, Ex. A]. The Federal Suit is currently pending before the Honorable Jon P. McCalla, United States District Court Judge for the Western District of Tennessee.

While the Federal Suit was pending, TDOT attempted in 2015 to remove one of Mr. Thomas' billboards that was built without a TDOT billboard permit. *See Thomas v. Schroer*, 127 F. Supp. 3d 864 (W.D. Tenn. 2015). Mr. Thomas then sought and obtained a "Temporary Restraining Order" that later became an "Order Granting Preliminary Injunction," which was entered in the TN-(W) United States District Court on September 8, 2015. *Id* at 878. The preliminary injunction prohibited TDOT from removing Mr. Thomas' billboard. *Id*. The federal suit was tried before Judge McCalla; and post-trial briefing is substantially complete. The matter is currently under advisement.

Accordingly, there are now two (2) pending TN-(W) District Court appeals: one is the District Court appeal discussed above pending before the Honorable Judge McCalla regarding the constitutionality of the Tennessee Billboard Act; and the other is the District Court appeal pending before the Honorable Judge Lipman arising out of two (2) prior orders of this Court. When the term "District Court" is used and discussed below, it will be referring to the pending case regarding the federal question. If this Court refers to the pending appeal of this Court's prior orders, such will be made clear.

## DISCUSSION RE RULE 8007(a)(1) MOTION SEEKING STAY PENDING APPEAL

Stays pending appeal arising out of bankruptcy court orders are subject to the provisions of FED. R. BANKR. P. 8007. A Rule 8007(a)(1) motion for a stay pending appeal "may only be granted if there is a valid appeal pending." *Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade* (*In re Wade*), 500 B.R. 896, 902 (Bankr. W.D. Tenn. 2013). In determining whether a stay pending appeal should be granted pursuant to FED. R. BANKR. P. 8007(a)(1), four (4) factors ordinarily are considered:

(1) The likelihood that the party seeking the stay ultimately will prevail on the merits of the appeal;

(2) the likelihood that the moving party will be irreparably harmed absent a stay;

(3) the prospect that others will be harmed if the court grants the stay; and

(4) the public interest in granting the stay.

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also In re Wade*, 500 B.R. at 906 (emphasis added); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (indicating that the factors are the same under FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.*; *see also Unsecured Creditors Comm. of DeLorean Motor Co. v. DeLorean & DeLorean Motor Co.* (*In re DeLorean Motor Co.*), 755 F.2d 1223, 1229 (6th Cir. 1985). The first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (recognizing the above four factors as the "traditional standard" for stays pending appeal). In balancing these factors, "[t]he strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered is a stay does not issue." *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). "However, in order to justify a stay …, the [movant] must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id*. As the moving party, Mr. Thomas has the burden of showing that he is entitled to a stay pending appeal. *See Serv. Emps.' Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012); *see also Overstreet v. Lexington—Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

### *Likelihood of Success on Appeal*

The Sixth Circuit Court of Appeals seems to use a stricter standard when analyzing the first factor. *See*, for example, *Mason Cty. Med. Ass'n v. Knebel*, 563 F.2d 256 (6th Cir. 1977) (upholding the denial of a stay in part because the likelihood of success on the merits was "remote"). Therefore, the mere "possibility" of success on the merits is not enough to justify a stay under FED. R. BANKR. P. 8007. *Id*. at 261 n. 4. Instead, there must be "a strong or substantial likelihood or probability of success on the merits." *Id*. This Court previously found conclusively that Clear Channel and Tennison Brothers demonstrated sufficient "cause" under 11 U.S.C. § 362(d)(1) to modify the bankruptcy automatic stay as to them because the State Court appeal action needed to proceed to finality for various reasons. As noted, the State Court has entered a default judgment in favor of Clear Channel and Tennison Brothers assessing damages against

Mr. Thomas. A final State Court order is needed, among other things, for this Court to assess whether the doctrine of collateral estoppel (i.e., issue preclusion) is to apply in these two (2) Chapter 11 § 523(a)(6) dischargeability adversary proceedings.[4] Under Tennessee law, the doctrine of collateral estoppel "bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009); *see also Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987). The Sixth Circuit Court of Appeals has held that "[e]ven a default judgment satisfies Tennessee's 'actually litigated' requirement . . ." of the collateral estoppel analysis. *See Rally Hill Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51, 54 (6th Cir. 1995) (citing *Lawhorn v. Wellford*, 168 S.W.2d 790, 792 (Tenn. 1943)); *H.G. Hill Realty*, 428 S.W.3d at 30; *see also In re Calvert*, 105 F.3d 315 (6th Cir. 1997). Therefore, a final order in the State Court appeal indeed may help guide this Court to its next course of action, and possibly ultimately further the judicial goal set forth in FED. R. BANKR. P. 1001 by securing "the just, speedy, and inexpensive determination of every bankruptcy case and proceeding."

Even though the moving party "need not always establish a high probability of success on the merits, … [the movant] is still required to show, at a minimum, serious questions going to the merits." *Griepentrog*, 945 F.2d at 153-54 (internal citations and quotation marks omitted). To do so, the movant "must offer something more than an assertion or expectation of success on the merits in order to prove the existence of questions as to the merits of the case and a reasonable possibility that [he or she] will, in fact, succeed on the merits of [his or her] appeal." *Webb Mtn, LLC, v. Exec. Realty P'ship, L.P.* (*In re Webb Mtn, LLC*), 2009 WL 4931305 at *2 (Bankr. E.D. Tenn. Dec. 11, 2009).

---

[4] The principles of full faith and credit expressed in 28 U.S.C. § 1738 generally require "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). The United States Supreme Court has stated that even though bankruptcy courts' have exclusive jurisdiction over § 523(c) dischargeability issues, this does not alter the rule. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) ("a state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts"). Therefore, according to *Marrese*, a "state-court judgment should have preclusive effect in a non-dischargeability proceeding unless Congress created an exception to § 1738." *In re Bursack*, 65 F.3d at 54. For further information regarding preclusive effect, *see* footnote 6.

Here, Mr. Thomas has simply stated that because the pending TN-(W) District Court appeal will likely be found in his favor resulting in the Tennessee Billboard Act being found unconstitutional, this Court should stay its prior orders and the State Court appeal should not be allowed to proceed at this time. To follow this assertion now would be to agree with Mr. Thomas that the pending District Court case and the State Court appeal are directly related in some fashion. In addition, the likelihood of success in the District Court case seemingly may ultimately have little to no effect on the likelihood of success on the pending appeal regarding this Court's prior orders. In order to adjudicate the two (2) pending 11 U.S.C. § 523(a)(6) dischargeability adversary proceedings as well as to ultimately liquidate for both voting and distribution purposes the proofs of claim filed in this Chapter 11 case by Clear Channel and Tennison Brothers, the State Court appeal should in the opinion of this Court proceed to finality as soon as possible. Given that this Court has already addressed each of the arguments contained in Mr. Thomas' prior FED. R. BANKR. P. 9023 motion to alter or amend through its January 12, 2017 "Memorandum and Order" and that Mr. Thomas has not offered anything further in support of such arguments for purposes of the instant Motion, this Court finds and concludes that Mr. Thomas has not sustained his required burden with respect to likelihood of success on the merits of the appeal.

*Likelihood of Irreparable Harm*

In evaluating the irreparable harm factor, courts typically consider three (3) factors:

(1) The substantiality of the injury alleged;

(2) the likelihood of its occurrence; and

(3) the adequacy of the proof provided.

*Griepentrog*, 945 F.2d at 154 (citing *Ohio, ex rel., Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987); *see also In re Wade*, 500 B.R. at 910. The harm alleged must be both certain and immediate, rather than speculative or theoretical. *Id*. The United States Supreme Court has said that one must remember, when looking at the degree of the harm or injury that:

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate

13

> compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted).  Also, "in order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again."  *Griepentrog*, 945 F.2d at 154.

In his February 6, 2017 "Motion to Stay Court's Orders Pending Appeal," Mr. Thomas states the injury to be avoided is as follows: "because the [State] Court judgments are predicated on the Debtor's alleged violation of the Tennessee Billboard Act, continued attempts to enforce the judgments against the Debtor based upon violations of an unconstitutional statute presumptively violates the Debtor's constitutional rights" because violating one's constitutional right is recognized as irreparable harm under Sixth Circuit precedent.  In essence, Mr. Thomas apparently believes that this Court's decision to allow the State Court appeal to proceed to finality is a violation of his constitutional rights because the relevant State statute in question in the pending District Court case *may* ultimately be ruled unconstitutional.  The State Court has not stated that the outcome of the pending District Court case will affect the judgment rendered in that Court nor has it indicated that the judgment was predicated on a violation of the Tennessee Billboard Act.  Actually, the State Court judgment seems to be rooted more in Tennessee tort and contract law rather than constitutional law.  Whether or not the outcome of the pending District Court case will affect the State Court judgment is a matter that is not ripe for judicial determination by this Court at this time.

In addition, Mr. Thomas' right to assert the doctrine of retroactivity if granted a favorable ruling in the pending District Court case is not affected by this Court's order granting relief from the automatic stay under § 362(d)(1) or this Court's prior order denying the Rule 9023 motion to alter or amend.  The United States Supreme Court has stated that the irreparable harm standard requires that the moving party demonstrate that irreparable injury is *likely* in the absence of a stay.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Mr. Thomas has filed a Chapter 11 bankruptcy case, meaning, *inter alia*, that all actions against him have come to a temporary halt and no judgment may be enforced against him or property of the estate at this time, absent express Bankruptcy Court authorization.  *See* 11 U.S.C. § 362(d).

Therefore, there can be no irreparable injury while Mr. Thomas is a debtor in this Chapter 11 case, without Bankruptcy Court approval; and as such, this Court finds that sufficient legal harm does not exist at this time to Mr. Thomas.

### *Harm to Others if Stay is Granted*

This Court notes that the State Court appeal here involves three (3) parties, all of whom have a strong presence in this Chapter 11 case. It is recalled that both Clear Channel and Tennison Brothers have each filed a § 523(a)(6) non-dischargeability adversary proceeding against Mr. Thomas relying on the doctrine of collateral estoppel arising out of the prepetition State Court judgment each obtained against Mr. Thomas. A Chapter 11 disclosure statement and reorganization (or liquidation) plan have not yet been formulated and filed by Mr. Thomas. It will be difficult, for example, to determine the classification, voting, and distribution rights of each creditor class until the State Court judgment has been deemed final.[5] Clear Channel and Tennison Brothers hold significant amounts of the aggregate claims against Mr. Thomas at this point in time; however, the claims have not been per se "allowed" because the claims are based on the judgment that is hotly disputed and pending on appeal. Allowing the Tennessee Court of Appeals to liquidate the claims of Clear Channel and Tennison Brothers against Mr. Thomas will not only, as a practical matter, benefit those parties, but it will also provide certainty and finality and benefit the other creditors in this Chapter 11 case as well as the bankruptcy estate under 11 U.S.C. § 541(a) and the entire case administration itself.

Mr. Thomas contends, *inter alia*, that allowing the State Court appeal to proceed would result in the need of Mr. Thomas "to take action to correct any decisions made in the interim." [Dkt. # 224, p. 8]. Respectfully, this contention is based on speculation at this time. To state that Mr. Thomas would have to make corrections is to find that the State Court judgment is premised on Mr. Thomas' violation of the Tennessee Billboard Act. However, Clear Channel and Tennison Brothers have continuously and consistently responded that the collective judgment they received in the State Court was based upon

---

[5] *Compare* 11 U.S.C. § 502(c)(1) (regarding the estimation of the allowance of any contingent or unliquidated claim that would unduly delay the administration of this case).

15

intentional tort and contractual liability and have nothing to do with the constructed constitutional arguments under the Tennessee Billboard Act. Therefore, they assert that the possibility that the Tennessee Billboard Act may eventually be deemed unconstitutional may ultimately have no impact on their prepetition State Court judgment against Mr. Thomas.

In addition, Mr. Thomas contends that "[w]hile the District Court matter remains unresolved, the incursion of additional legal fees for all parties, including both state and federal judiciary resources, is needless and unproductive." [Dkt. # 224, p. 8]. However, this Court does not intend to act as a mere "holding pattern court" passively awaiting without more the finality of the State Court judgment which is necessary for the liquidation (or 11 U.S.C. § 502(c)(1) estimation) of these claims against Mr. Thomas. This Court has recently ordered Mr. Thomas to file a disclosure statement under 11 U.S.C. § 1125 and summary of a Chapter 11 plan by May 1, 2017. Because the finality of the State Court appeal may bring clarity (and perhaps finality) as to the liability of Mr. Thomas on these underlying claims, this Court does not agree at this time with Mr. Thomas that allowing the State Court appeal to proceed will be "needless and unproductive." Therefore, the granting of the instant Rule 8007(a)(1) Motion would actually harm the operation of the § 541(a) bankruptcy estate administration and also conceivably obstruct this Court from furthering the judicial goal set forth in FED. R. BANKR. P. 1001 because it would unnecessarily delay the bankruptcy estate and case administrations as a whole without any likelihood of success in the appeal and also without any irreparable injury resulting to Mr. Thomas.

*Public Interest*

It further appears considering a totality of the particular facts and circumstances and applicable law that there would be no significant public interest that would be furthered by staying this Court's prior orders pending appeal. As noted earlier, it is emphasized here that the State Court appeal involves a tort amd contractual liability suit between three (3) private parties. The outcome of the State Court appeal does not appear to have any effect on the public whatsoever. Mr. Thomas contends that "[t]he public interest in this case weighs heavily in favor of Thomas because of the nature of the fundamental rights raised in the *Schroer* litigation." [Dkt. # 224, p. 8]. However, as previously indicated, the issue of whether the pending District

Court case has any effect on the State Court judgment has not been determined by this Court and is not ripe for judicial determination at this time. Mr. Thomas also stated "[i]t is squarely within the public interest that Bankruptcy Courts be able to administer bankruptcy cases efficiently and effectively." [Dkt. # 224, p. 9]. This Court agrees with Mr. Thomas' statement and additionally believes it is acting efficiently and effectively by allowing the appellate litigation between three (3) private parties in the Tennessee Court of Appeals to proceed to finality. After considering the public interest factor, all interests seemingly would be furthered by denying Mr. Thomas' instant Rule 8007(a)(1) Motion.

### *Rooker/Feldman Doctrine*

It is additionally noted here that the *Rooker/Feldman* Doctrine also may play a role in these matters.[6] The Doctrine expresses the principle that federal trial courts have only original subject matter, and not appellate jurisdiction, and therefore, may not entertain appellate review of or collateral attack on a state court judgment. *See*, for example, *In re Singleton*, 230 B.R. at 536 (citing *In re Johnson*, 210 B.R. 1004, 1006 (Bankr. W.D. Tenn. 1997)). In essence, *Rooker/Feldman* is a limitation on subject matter jurisdiction in federal courts. *See Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996). "Lower federal courts have no jurisdiction directly to review final decisions of the courts of a state or similar jurisdiction in judicial proceedings." *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970).

It also is noted that in the case of *In re Johnson*, *supra*, Judge William H. Brown held that the *Rooker/Feldman* Doctrine barred the TN-(W) bankruptcy court from hearing a bankruptcy debtor's objection to the amount of a claim filed by a creditor in a case where a Tennessee Chancellor previously

---

[6] The *Rooker-Feldman* Doctrine is a federal doctrine that focuses on the courts rather than the parties. *See, e.g., Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (noting that under this Doctrine "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court"). The Doctrine stands for the proposition that a federal court is barred "from conducting a virtual 'review' of a state court judgment for errors in construing federal law or claims 'inextricably linked' with the state court judgment." *Singleton v. Fifth Third Bank of W. Ohio* (*In re Singleton*), 230 B.R. 533, 537 (B.A.P. 6th Cir. 1999) (citation omitted). The *Rooker/Feldman* Doctrine is derived from two (2) Supreme Court cases decided sixty years apart, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

had entered orders determining, *inter alia*, the amount owed to the creditor. 210 B.R. at 1007. In that case, the bankruptcy court modified the § 362(d) automatic stay to allow the parties to proceed with any actions in the Tennessee State trial/appellate courts regarding the amount of debt owed by the debtor to the creditor. Judge Brown stated that although the *Rooker/Feldman* Doctrine is closely related to the concepts of preclusion, the Doctrine, however, is broader than claim and issue preclusion because it does not depend on a final judgment on the merits. *In re Singleton*, 230 B.R. at 537 (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n. 1 (8th Cir. 1995)).

## OBSERVATIONS AND CONCLUSIONS

As noted earlier, Mr. Thomas has filed an appeal that is pending before the Tennessee Court of Appeals; and this Court has previously modified the automatic stay under 11 U.S.C. § 362(d) to allow that appeal discussed above to proceed to finality. In the opinion of this Court that result is the appropriate means for these parties to finally resolve significant factual and legal disputes regarding the matters here involving liability and damages.

Based on the totality of the particular facts and circumstances and applicable law as discussed above and also additionally discussed in the November 28, 2016 "Order" as well as the January 12, 2017 "Memorandum and Order," and further based on consideration of the *Griepentrog* factors including other applicable law, this Court denies Mr. Thomas' instant Motion seeking a stay pending appeal pursuant to FED. R. BANKR. P. 8007(a)(1).

Accordingly, based on the foregoing and consideration of the entire Chapter 11 case and its prepetition and postpetition records as a whole, **IT IS ORDERED AND NOTICE IS HEREBY GIVEN** that:

1. Mr. Thomas' Rule 8007(a)(1) Motion to stay this Court's Orders pending appeal entered on February 6, 2017, is denied; and

2. The Bankruptcy Court Clerk shall cause a copy of this Order and Notice to be sent to the following interested parties:

Mr. William H. Thomas, Jr., Debtor in Possession
13599 Perdido Key Dr., Unit T-SH2A
Pensacola, Florida  32507-4644

Michael P. Coury, Esquire
Jessica Lyn Indingaro, Esquire
Attorneys for Debtor in Possession
Glankler Brown PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
mcoury@glankler.com

Robert L. J. Spence, Jr., Esquire
Kristina A. Woo, Esquire
Attorneys for Creditor—Clear Channel Outdoor, Inc.
80 Monroe Avenue, Garden Suite One
Memphis, Tennessee  38103
rspence@spence-lawfirm.com
kwoo@spence-lawfirm.com

Kathy Baker Tennison, Esquire
Attorney for Creditor—Tennison Brothers, Inc.
8295 Tournament Drive, Suite 150
Memphis, Tennessee  38125
Kathy@bakertennisonlaw.com

Stuart B. Breakstone, Esquire
Attorney for Creditor—Tennison Brothers, Inc.
1661 International Place Drive, Suite 400
Memphis, Tennessee  38120
Stuart@breakstonelawoffice.com

Samuel K. Crocker, Esquire
United States Trustee for Region 8
200 Jefferson Avenue, Suite 400
Memphis, TN  38103
Sam.Crocker@usdoj.gov

Sean M. Haynes, Esquire
Assistant United States Trustee for Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee  38103
sean.m.haynes@usdoj.gov

R. Spencer Clift, III, Esquire
Attorney for Creditor—RREF St. Acquisitions, LLC
165 Madison Avenue, Suite 2000
First Tennessee Building
Memphis, Tennessee  38103
sclift@bakerdonelson.com