UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

IN RE:

WILLIAM H. THOMAS, JR.,                    Case No. 16-27850-DSK

          Debtor.                          Chapter 11

**DEBTOR'S OBJECTIONS TO PROOF OF CLAIM NO. 4 FILED BY CLEAR CHANNEL OUTDOOR, INC. AND PROOF OF CLAIM NO. 7 FILED BY TENNISON BROTHERS, INC.**

William H. Thomas, Jr., Debtor in Possession ("Debtor") acting Pro se, objects to Proof of Claim No. 4 filed by Clear Channel Outdoor, Inc. ("Clear Channel") and Proof of Claim No. 7 filed by Tennison Brothers, Inc. (Tennison Brothers) and in support of his objection would show to the Court as follows:

1. Clear Channel filed an unsecured proof of claim under penalty of perjury asserting a claim against Debtor in the amount of $4,025,487.60 based upon a Judgment on September 12, 2016.

2. Tennison Brothers filed an unsecured proof of claim under penalty of perjury asserting a claim against Debtor in the amount of $1,094,670.94 based upon a Judgment on September 12, 2016.

3. The basis of such claims established that such claims were based upon judgments obtained by Clear Channel and Tennison Brothers which were predicated on Debtor's "illegal" actions under the Tennessee Billboard Regulation and Control Act of 1972, T.C.A. § 54-21-101, et seq. (the "Billboard Act").

4.    Clear Channel and Tennison Brothers admit that the Billboard Act has been held unconstitutional in its entirety pursuant to a decision in *Thomas v Schroer, 248 F. Supp. 3d 868 (W.D. Tenn. 2017)*. Since the judgments against the Debtor are predicated on an unconstitutional law, the judgments are void and unenforceable.

5.    The Billboard Act is an unconstitutional statute that is void based upon a decision of the United States Supreme Court case in *Reed v Town of Gilbert, No.13-502, 2015 WL 2473374 (U.S. June 18, 2015)* as applied to the Billboard Act in a decision of a United States District Court to such statute.

6.    No Tennessee law, including the Billboard Act prevented Clear Channel from constructing a billboard on the Tennison Brothers property during the periods Clear Channel twice held valid Tennessee billboard permits issued by the State of Tennessee Department of Transportation.

7.    As a matter of Tennessee law, the presence of an unpermitted billboard structure constructed by Thomas on the Southern Millwork property did not prevent Clear Channel from constructing a billboard structure on the Tennessee Brothers property during the period Clear Channel held state billboard permit nos. 79-3394 and 79-3395 and 79-3420 and 79-3421.

8.    Accordingly, the claims should be disallowed.

9.    The Debtor reserves the right to amend and supplement this objection.

WHEREFORE, the Debtor prays that the Court disallow Proof of Claim No. 4 and No. 7 and grant the Debtor such other relief to which he may be entitled.

By: /s/ *William H. Thomas, Jr.*
William H. Thomas, Jr. (TN #5017)
5160 Sanderlin Avenue, Suite 1
Memphis, TN 38117
(901) 766-9075
(901) 76-9042 – facsimile
whthomas48@aol.com

Pro se *Attorney*

### CERTIFICATE OF SERVICE

I, William H. Thomas, Jr., hereby certify that a true and correct copy of the foregoing objection was filed with the Clerk of the Court using the ECF system and mailed to the following persons by electronic mail and/or first class mail, postage prepaid this 8th day of November, 2018.

Robert L. J. Spence, Jr.
Kristina A. Woo
80 Monroe Ave.
Garden Suite 1
Memphis, TN 38103

*Attorneys for Clear Channel Outdoor, Inc.*

Kathy Baker Tennison
8295 Tournament Drive, Suite 150
Memphis, TN 38125

Stuart B. Breakstone
1661 International Place Drive, Suite 400
Memphis, TN 38120

*Attorneys for Tennison Brothers, Inc.*

/s/ *William H. Thomas, Jr.*
William H. Thomas, Jr.