.

**Dated: March 08, 2019**
**The following is SO ORDERED:**



**David S. Kennedy**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **In re** | |
| **William H. Thomas, Jr.,** | **Case No. 16-27850-DSK** |
| **aka Bill Thomas,** | |
| **Debtor.** | **Chapter 11** |
| **SSN:  xxx – xx – 8251** | |

### MEMORANDUM AND ORDER RE DEBTOR'S "EMERGENCY MOTION TO STAY COURT'S ORDER PENDING APPEAL" COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

### INTRODUCTION

The above-named Chapter 11 debtor, William H. Thomas, Jr., aka Bill Thomas ("Mr. Thomas"), acting *pro se*, filed an "Emergency Motion to Stay Court's Order Pending Appeal" ("Motion"), pursuant to FED. R. BANKR. P. 8007, after filing a notice of appeal arising out of this Court's January 18, 2019 Memorandum and Order granting the "Renewed Motion for Appointment of

a Chapter 11 Trustee" ("January 18, 2019 Memorandum and Order").  Mr. Thomas's notice of appeal, which gave rise to the instant Motion, was timely filed on January 23, 2019, and it has been transmitted by the Bankruptcy Court Clerk to the United States District Court for the Western District of Tennessee to hear and determine under 28 U.S.C. § 158(a)(1).  The instant Motion resulted in two written objections filed by the United States Trustee for Region 8 ("United States Trustee") and a creditor, the Tennessee Department of Transportation ("TDOT"), as well as one notice of joinder seeking to join the objection of the United States Trustee filed by a major creditor, Clear Channel Outdoor, Inc. ("Clear Channel").  On February 27, 2019, the attorneys for the immediate parties in interest participated in the oral arguments held in open court for and against the instant Motion.  This matter was taken under advisement to allow for the preparation of this written Memorandum and Order.

The ultimate question for judicial determination here is whether, pursuant to FED. R. BANKR. P. 8007(a)(1), this Court should stay the January 18, 2019 Memorandum and Order for the appointment of a Chapter 11 case trustee awaiting the outcome of the pending appeal before the United States District Court for the Western District of Tennessee.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).  The Court has the statutory and constitutional authority to hear and determine this matter subject to the statutory appellate provisions of 28 U.S.C. § 158(a)(1) and Part VIII of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Appeals").  The following shall constitute this Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND INFORMATION AND PROCEDURAL HISTORY

Notwithstanding the unduly lengthy and acrimonious history of this Chapter 11 case, the relevant background information, facts, and procedural history may be briefly summarized as follows. Mr. Thomas originally filed this voluntary Chapter 11 bankruptcy case on June 2, 2016, in the United States Bankruptcy Court for the Northern District of Florida.  On August 29, 2016, after notice and a

contested hearing, this Chapter 11 case was subsequently transferred on motion of Clear Channel to the United States Bankruptcy Court for the Western District of Tennessee for further administration under 28 U.S.C. § 1412 and pursuant to FED. R. BANKR. P. 1014(a)(1) in the interest of justice and for the convenience of the parties.

The Chapter 11 bankruptcy schedules of Mr. Thomas listed numerous creditors including, for example, Clear Channel, Tennison Brothers, Inc. ("Tennison Brothers"), and TDOT.  Mr. Thomas along with Clear Channel, Tennison Brothers, and TDOT have been involved in <u>longstanding</u> disputes regarding the issuance of certain billboard permits on adjacent properties in Memphis, Tennessee, that Mr. Thomas, Clear Channel, and/or Tennison Brothers have had an interest.  These disputes led to a series of lawsuits that were ongoing prior to and continuing throughout this Chapter 11 bankruptcy case.[1]

On September 11, 2017, Clear Channel filed its first motion under 11 U.S.C. § 1104(a) requesting the appointment of a Chapter 11 case trustee (hereinafter the "original Trustee Motion") (Dkt. No. 297); and Tennison Brothers filed a notice of joinder (Dkt. No. 303).  Thereafter, Mr. Thomas filed an objection to the original Trustee Motion.  (Dkt. No. 308.)  This Court held a hearing on the original Trustee Motion on September 27, 2017, whereupon this Court, in essence, denied the motion – noting its early timing in the case – in order to give Mr. Thomas a full and fair opportunity to perform his statutory duties and responsibilities as a debtor in possession while seeking to reorganize his financial affairs.  (Dkt. No. 311.)  This Court stated, however, that it was "without prejudice to a future motion being refiled for a change of circumstances not heretofore raised at this hearing."  (*Id.*)

---

[1] They are as follows: *Thomas v. Tennessee Dep't of Transp.*, Case No. M2010-01925-COA-R3-CV, 2011 WL 3433015 (Tenn. Ct. App. Aug. 5, 2011); *Tennison Bros., Inc. v. Thomas*, Case No. W2013-01835-COA-R3-CV, 2014 WL 3845122 (Tenn. Ct. App. Aug. 6, 2014); *Thomas v. Schroer*, 248 F. Supp. 3d 868 (W.D. Tenn. 2017); and *Tennison Bros., Inc. v. Thomas*, 556 S.W.3d 697 (Tenn. Ct. App. Dec. 15, 2017); *see also* Dkt. Nos. 164, 174, 197, 208 respectively.

Between October 4, 2017, the date in which the order denying the original Trustee Motion was entered, and October 26, 2018, Clear Channel, Tennison Brothers, TDOT, and Mr. Thomas continued to engage in highly contentious litigation in this Bankruptcy Court, the Tennessee State trial and appellate courts, the United States District Court for the Western District of Tennessee, and the United States Court of Appeals for the Sixth Circuit.  *See,* for example, Docket, Case No. 16-27850 (Bankr. W.D. Tenn.); *see also* Adv. Proc. Nos. 16-00260, 16-00261, 17-00157, and 17-00158.  It is expressly noted that during that one-year period, there was no § 1125 disclosure statement filed by Mr. Thomas and approved by this Court.  In addition, Mr. Thomas did not file a confirmable Chapter 11 plan, notwithstanding the fact that the exclusivity period to file such plan aborted back in 2017.

On October 26, 2018, the Law Firm of Glankler Brown, PLLC ("Glankler Brown"), Memphis counsel for Mr. Thomas in this Chapter 11 case, filed an "Emergency Motion to Withdraw as the Attorney of Record."  (Dkt. No. 441.)  As grounds for seeking to withdraw, Glankler Brown asserted that numerous disagreements had arisen with Mr. Thomas and that Mr. Thomas "insisted on taking positions which are contrary to the advice of counsel and had on occasion taken positions which [they] consider repugnant or imprudent."  *See* (Dkt. No. 441, p. 2.)  After notice, that matter came to be heard before this Court on October 30, 2018; and an Order granting the withdrawal motion was entered on November 20, 2018, without opposition.  (Dkt. No. 461.)  Mr. Thomas, thereafter, proceeded to act *pro se* in this case (and continues to do so).

On November 8, 2018, Mr. Thomas, acting *pro se*, filed objections to the proofs of claims filed by Clear Channel and Tennison Brothers (Dkt. No. 451) as well as a combined motion for summary judgment on his objections to proof of claim nos. 4 and 7 (Dkt. No. 455), a motion to supplement his motion for summary judgment (Dkt. No. 463), and a motion to set his motion for summary judgment for hearing (Dkt. No. 466).  In addition, during this time, Mr. Thomas, acting *pro se*, proceeded to prosecute his objection to the proof of claim filed by TDOT (Dkt. No. 385), which was embedded in a discovery dispute.  *See* (Dkt. Nos. 428 and 439.)  It should further be noted that on November 27, 2018,

4

Mr. Thomas's wife, Lynn Schadt Thomas ("Mrs. Thomas"), filed a notice in the bankruptcy case that she had acquired the claim of RREF St. Acquisitions, LLC, in the amount of $3,171,229.36, thereby making her a creditor in Mr. Thomas's case.  (Dkt. No. 467.)

On November 30, 2018, more than one year after the first motion to appoint a Chapter 11 trustee, Clear Channel filed a "Renewed Motion for Appointment of Chapter 11 Trustee" ("Renewed Trustee Motion").  (Dkt. No. 472.)  TDOT and Tennison Brothers joined in the Renewed Trustee Motion.  (Dkt. Nos. 480 and 481.)  Subsequently, Mrs. Thomas and Mr. Thomas individually filed "Objections" to the Renewed Trustee Motion.  (Dkt. Nos. 493 and 501.)  In addition, the United States Trustee filed a "Response" to the Renewed Trustee Motion (Dkt. No. 496), along with a motion to dismiss or convert this case under 11 U.S.C. § 1112 (conversion or dismissal) (Dkt. No. 497).  The Renewed Trustee Motion was first scheduled for a pre-trial status conference on December 18, 2018.  (Dkt. No. 478.)  Later, the Renewed Trustee Motion came to be heard by this Court on January 15, 2019, whereupon each of the interested parties appeared through counsel and participated.  No party sought to adduce oral testimony or introduce documentary evidence at the scheduled hearing.  Three days later, on January 18, 2019, after notice and opportunity for a hearing, this Court, based on the entire case record as a whole, granted the Renewed Trustee Motion and directed the United States Trustee to select and appoint a Chapter 11 case trustee pursuant to FED. R. BANKR. P. 2007.1(c), subject to Court approval.  (Dkt. No. 526); see also 11 U.S.C. § 1104(d).  As a result of the Chapter 11 case trustee appointment, the United States Trustee voluntarily withdrew its prior motion to dismiss or convert the case in accordance with this Court's ruling to appoint a Chapter 11 case trustee.  (Dkt. No. 533.)

Mr. Thomas timely filed a notice of appeal of this Court's January 18, 2019 "Memorandum and Order re 'Clear Channel Outdoor, Inc's Renewed Motion for Appointment of Chapter 11 Trustee' Combined With Notice of the Entry Thereof."  (Dkt. No. 530.)  On January 24, 2019, Mr. Thomas filed an "Emergency Motion to Stay Court's Order Pending Appeal."  (Dkt. No. 536.)  A status

conference was held on January 29, 2019, whereupon all the immediate parties and the Court agreed to schedule Mr. Thomas's instant Motion for hearing on February 27, 2019, along with several other pending FED. R. BANKR. P. 9014 contested matters.  Subsequently, on February 15, 2019, the United States Trustee filed an "Objection to Motion to Stay Court's Order Pending Appeal Filed by William H. Thomas, Jr."  (Dkt. No. 589.)  On February 20, 2019, Clear Channel filed a "Notice of Joinder" to the United States Trustee's Objection (Dkt. No. 592) and an "Objection to Debtor's Emergency Motion to Stay Pending Appeal and Notice of Joinder in United States Trustee's Objection to the Emergency Motion" was filed by TDOT (Dkt. No. 596).

This Court held a hearing on the merits on Mr. Thomas's instant Motion, as well as various other matters in this case, on February 27, 2019.  The instant Motion was taken under advisement.  The Court will now address and discuss this specific issue hereinafter.

This Court incorporates, in its entirety and by reference, this Court's January 18, 2019 Memorandum and Order finding "cause" and directing the appointment of a Chapter 11 case trustee by the United States Trustee.  See (Dkt. No.  526) for a more detailed discussion of the lengthy and acrimonious background history among the various interested parties.

## DISCUSSION

Stays pending appeal arising out of bankruptcy court orders are subject to the provisions of FED. R. BANKR. P. 8007.  A Rule 8007(a)(1) motion for a stay pending appeal "may only be granted if there is a valid appeal pending."  *See,* for example, *Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade* (*In re Wade*), 500 B.R. 896, 902 (Bankr. W.D. Tenn. 2013).  In determining whether a stay pending appeal should be granted pursuant to FED. R. BANKR. P. 8007(a)(1), four factors ordinarily are considered, and they provide as follows:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

6

(3) whether issuance of the stay will substantially injure the other
parties interested in the proceeding; and

(4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted); *see also Mich. Coal. of Radioactive*

*Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (using similar factors in making

a Rule 8007(a)(1) determination); *In re Wade*, 500 B.R. at 906 (emphasis added); *cf. Hilton v.*

*Braunskill*, 481 U.S. 770, 776 (1987) (indicating that the factors are the same under Fᴇᴅ. R. Cɪᴠ. P.

62(c) and Fᴇᴅ. R. Aᴘᴘ. P. 8(a)).   "These factors are not prerequisites that must be met but are

interrelated considerations that must be balanced together."  *Griepentrog*, 945 F.2d at 153; *see also*

*Unsecured Creditors Comm. of DeLorean Motor Co. v. DeLorean & DeLorean Motor Co.* (*In re*

*DeLorean Motor Co.*), 755 F.2d 1223, 1229 (6th Cir. 1985).  The first two factors are the most critical.

*Nken*, 556 U.S. at 433-34 (recognizing the above four factors as the "traditional standard" for stays

pending appeal).  In balancing these factors, "[t]he strength of the likelihood of success on the merits

that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be

suffered if a stay does not issue."  *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th

Cir. 2002).  "However, in order to justify a stay . . . , the [movant] must demonstrate at least serious

questions going to the merits and irreparable harm that decidedly outweighs the harm that will be

inflicted on others if a stay is granted."  *Id.*  As the moving party, Mr. Thomas has the burden of

showing that he is entitled to a stay pending appeal.  *See Serv. Emps. Int'l Union Local 1 v. Husted*,

698 F.3d 341, 343 (6th Cir. 2012); *see also Overstreet v. Lexington–Fayette Urban Cty. Gov't*, 305

F.3d 566, 573 (6th Cir. 2002).

### *Likelihood of Success on Appeal*

The Sixth Circuit Court of Appeals seems to use a stricter standard when analyzing the first

factor.  *See Mason Cty. Med. Ass'n v. Knebel*, 563 F.2d 256 (6th Cir. 1977) (upholding the denial of a

stay in part because the likelihood of success on the merits was "remote").  Therefore, the mere

"possibility" of success on the merits is not enough to justify a stay under FED. R. BANKR. P. 8007. *Id.* at 261 n.4. Instead, there must be "a strong or substantial *likelihood* or *probability* of success on the merits." *Id.* For purposes of the first factor, Mr. Thomas would need to show that this Court has abused its discretion in directing the appointment of a Chapter 11 case trustee, and Mr. Thomas has failed to do so here.

A bankruptcy court's decision to cause the appointment of a Chapter 11 trustee is reviewed for an abuse of discretion. *See,* for example and among others, *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). A court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). In Mr. Thomas's instant Motion, he fails to make a persuasive and valid argument as to whether this Court abused its discretion. More specifically, he only states that "the Debtor objected to Clear Channel's Renewed Motion to Appoint a Chapter 11 Trustee." (Doc. No. 536, p. 9.) This statement does not support such an argument that this Court has abused its discretion. This Court found that two separate and independent grounds existed for the appointment of a Chapter 11 trustee in Mr. Thomas's case. *See* (Dkt. No. 526.)

First, this Court found that "cause" existed to appoint a Chapter 11 trustee under 11 U.S.C. § 1104(a)(1) because of, among other things, the severity and extent of the acrimony among the parties in this case. Under section 1104(a)(1) of title 11, the bankruptcy court "shall" order the appointment of a trustee "for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case or similar cause." Further, the list of examples of "cause" contained in 11 U.S.C. § 1104(a)(1) are nonexclusive. *See* 11 U.S.C. § 102(3) (stating that in bankruptcy rules of construction provisions, "'includes and including' are not limiting"). Therefore, the appointment of a case trustee is not limited to the specific examples listed in the statute. Rather, grounds for appointment are broad and within the

8

court's sound discretion. *See,* for example, *In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 472 (3d Cir. 1998) (noting that grounds for appointment "cover a wide range of conduct").

Due to the long and contentious history of litigation between Mr. Thomas and certain creditors of this estate, this Court felt that the appointment of a Chapter 11 trustee was clearly appropriate, absolutely necessary, and well within its discretion. This Court noted that, based on the totality of the facts and circumstances, there existed "intense, irreconcilable conflicts and acrimony between the debtor and creditors." (Dkt. No. 526, p. 13.) This Court found that the parties' legalistic bickering coupled with this high level of acrimony and animosity among the parties also demonstrated sufficient "cause" for the ultimate appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a)(1). Therefore, this Court finds that it did not abuse its discretion under 11 U.S.C. § 1104(a)(1).

Second, this Court found that appointment of a Chapter 11 case trustee was in the best interests of the creditors as well as the estate and as such was highly appropriate under 11 U.S.C. § 1104(a)(2). Section 1104(a)(2) of title 11 provides a separate and independent basis for a bankruptcy court to direct the appointment of a trustee "when to do so would serve the parties' and the estate's interest." *Marvel Entm't*, 140 F.3d at 474. Bankruptcy courts have "particularly wide discretion to appoint a trustee under the flexible standard of" 11 U.S.C. § 1104(a)(2). *Keeley & Grabanski Land P'ship v. Keeley (In re Keeley & Grabanski Land P'ship)*, 455 B.R. 153, 165 (B.A.P. 8th Cir. 2011). A Chapter 11 trustee may be warranted under 11 U.S.C. § 1104(a)(2) where "deep seeded conflict and animosity between a debtor and its creditors is at the heart of th[e] bankruptcy case." *Marvel Entm't*, 140 F.3d at 474.

Again, after reviewing this case record as a whole, it is abundantly clear that the appointment of a Chapter 11 trustee indeed is in the best interests of the creditors in this case as well as the § 541(a) bankruptcy estate. (Actually, and in reality, such a finding is perhaps long overdue). As this Court previously noted and for additional "cause" considerations under § 1104(a)(1), Mr. Thomas has been in this Chapter 11 case for almost three years and yet he has still failed to file a finalized, court-approved disclosure statement or a confirmable Chapter 11 plan. In addition, Mr. Thomas is currently

representing himself as his previous counsel has withdrawn, and he along with Clear Channel, Tennison Brothers, and TDOT continue to be engaged in hotly contested litigation, which has been ongoing for approximately 15 years. For these reasons (and others), this Court finds, considering a totality of the particular facts and circumstances, that it did not abuse its discretion in causing the appointment of the Chapter 11 trustee under 11 U.S.C. § 1104(a)(2). It would be an understatement to just say that this case and estate administration needed a change of leadership, direction, and purpose.

Mr. Thomas also asserts that his procedural due process rights were violated because there was no evidentiary hearing on the renewed motion. (Dkt. No. 536, p. 2.) However, Mr. Thomas's assertion is incorrect. It is expressly noted that no party, including Mr. Thomas, sought to adduce live testimony or produce documentary evidence at the noticed and scheduled hearing. Despite there being no oral testimony sought to be introduced or documents sought to be entered into evidence at the scheduled hearing, this Court nonetheless held an open court hearing and heard oral statements of the parties' attorneys regarding the renewed motion for the appointment of a Chapter 11 trustee. This Court also considered and took judicial notice of the Court's own records. It is fundamental that the bankruptcy court may take judicial notice of the debtor's bankruptcy case as a whole, including documents filed in the case. *See*, for example and among others, *Rovzar v. Chem. Sales and Serv. Co.* (*In re Saco Local Dev. Corp.*), 30 B.R. 862 (Bankr. D. Me. 1983); *see also Wilson v. Huffman* (*In re Missionary Baptist Found. of Am.*), 712 F.2d 206 (5th Cir. 1983) (the court may take judicial notice of the record in prior related proceedings). *Compare* FED. R. EVID. 201 made applicable here by virtue of FED. R. BANKR. P. 9017.

In fact, this Court held a pre-trial conference on the Renewed Trustee Motion on December 18, 2018. It was at this pre-trial conference, in which Mr. Thomas was present and participated, that this Court set the Renewed Trustee Motion for an evidentiary hearing on January 15, 2019. Section 1104 of title 11 provides that "after notice and a hearing, the court shall order the appointment of a trustee . . . ." 11 U.S.C. § 1104. The phrase "after notice and a hearing" is defined in 11 U.S.C. § 102(1) to

10

mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances."

The Renewed Trustee Motion is a "contested matter" pursuant to FED. R. BANKR. P. 9014, which states, in pertinent part, that parties to a contested matter may present evidence and testimony of witnesses "in the same manner . . . as in an adversary proceeding." FED. R. BANKR. P. 9014(d).  As previously mentioned, Mr. Thomas and the attorneys for Clear Channel, Tennison Brothers, TDOT, Mrs. Thomas, and the United States Trustee were all present in court and allowed to present oral arguments and evidence in support of their respective positions at the January 15, 2019 hearing. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure contain an explicit requirement that oral testimony must be given at a Rule 9014 hearing and documents introduced and entered before a hearing is sufficiently conducted.  All that is required under the Bankruptcy Code, as well as the United States Constitution, is that a party have notice and an opportunity to be heard.  *See* U.S. CONST. amend. V; *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Moreover, assuming Mr. Thomas's assertion is correct, "in order to prevail on a procedural due process challenge, [a party] must also show prejudice."  *Graham v. Mukasey*, 519 F.3d 546, 549 (6th Cir. 2008).  Here, Mr. Thomas has failed to establish how any alleged due process violation is prejudicial here.

Additionally, at the January 29, 2019 status conference, Mr. Thomas alleged that this Court erred in causing the appointment of a Chapter 11 case trustee and disputed the sufficiency of the evidence on which this Court based its ultimate decision.  Specifically, Mr. Thomas questioned this Court's use of the case record as a whole to aid the Court in making its decision.  However, the bankruptcy court, as noted earlier, may properly take judicial notice of its own record in the case, in another case before it between the same parties, and of related proceedings between the parties.  *See, e.g., Nat'l Fire Ins. Co. v. Thompson*, 281 U.S. 331, 336 (1930) (taking judicial notice of its own record of another case between the same parties); *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 934 n.4 (6th

Cir. 2013) (taking judicial notice of two other cases involving party); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that a court may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue).  Again, "bankruptcy judges would be remiss" if they did not take judicial notice of the debtor's bankruptcy case as a whole because of bankruptcy's unique interrelated multi-party nature and a duty to "notice . . . records and files in [the] cause . . . ."  *In re Saco Local Dev. Corp.*, 30 B.R. at 865 (citation omitted).  Furthermore, FED. R. EVID. 201(e) provides that the bankruptcy court at its discretion "may take judicial notice, whether requested or not," at any stage in the proceeding.

Here, the existence of over 600 docket entries made in the main Chapter 11 case; the almost three years that Mr. Thomas's Chapter 11 case has been pending; the failure of Mr. Thomas to have an approved disclosure statement and file a confirmable Chapter 11 plan; the five adversary proceedings associated with this case, all involving Mr. Thomas, Clear Channel, and Tennison Brothers; the many FED. R. BANKR. P. 9014 contested matters; the two State Court appeals involving Mr. Thomas, Clear Channel, and Tennison Brothers; the Federal Court case involving Mr. Thomas and TDOT; and the withdrawal of Mr. Thomas's counsel are all undisputed adjudicative facts and well within the discretion of the bankruptcy court to take judicial notice of under FED. R. EVID. 201.  As such, Mr. Thomas has not shown a likelihood of success on the merits of his appeal and thus, the first and most important factor to consider in deciding whether to grant a stay weighs heavily against Mr. Thomas.

### *Likelihood of Irreparable Injury Absent a Stay*

In evaluating the second factor, courts typically consider three factors:

> (1) the substantiality of the injury alleged;
> (2) the likelihood of its occurrence; and
> (3) the adequacy of the proof provided.

12

*Griepentrog*, 945 F.2d at 154 (citing *Ohio, ex rel., Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)); *see also In re Wade*, 500 B.R. at 910.  The harm alleged must be both certain and immediate, rather than speculative or theoretical.  *Griepentrog*, 945 F.2d at 154.  The United States Supreme Court has said that one must remember, when looking at the degree of the harm or injury, that:

> The key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted).  Also, "in order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again."  *Griepentrog*, 945 F.2d at 154.

Here, Mr. Thomas once again argues that, absent a stay of the order granting the appointment of a Chapter 11 trustee pending the resolution of the appeal in *Thomas v. Schroer*, 248 F. Supp. 3d 868 (W.D. Tenn. 2017), he will suffer some type of violation of his constitutional rights.  (Dkt. No. 536.) More specifically, Mr. Thomas alleges:

> [B]ecause the Chancery Court judgments are predicated on the Debtor's alleged violation of the Tennessee Billboard Act on some unknown tort claim with no legal basis under any state or federal law continued attempts to enforce presumptively violates the Debtor's constitutional rights.  Because this Court has not independently addressed the effect of Reed upon the constitutionality of the Tennessee Billboard Act and whether some **unknown theory of tort law** claims *exist* violations continued recognition and enforcement of the Chancery Court judgments will result in irreparable damage to the Debtor's constitutional rights.  There is substantial reparable harm in this matter if the stay pending appeal is denied.

(Dkt. No. 536, p. 10.)  However, Mr. Thomas fails to specify which of his constitutional rights would be violated by moving forward with the appointment of a Chapter 11 case trustee.  In fact, Mr. Thomas,

although no longer a Chapter 11 debtor in possession, is still a party in interest in this case with a right

to raise, appear, and be heard on any issue in this Chapter 11 case. *See* 11 U.S.C. § 1109(b).

It appears that Mr. Thomas is once again asking this Bankruptcy Court to review the final

judgments rendered by, for example, the Tennessee Chancery Court in favor of Clear Channel and

Tennison Brothers that were later affirmed by the Tennessee Court of Appeals. *See Tennison Bros.,*

*Inc. v. Thomas*, 556 S.W.3d 697 (Tenn. Ct. App. 2017). Subsequently, Mr. Thomas's Application for

Permission to Appeal the final judgments to the Tennessee Supreme Court was denied. *Id.* This Court

has attempted on numerous prior occasions to make it clear to Mr. Thomas that it is an original and not

a reviewing (or relitigating) court (or a legal/judicial playground).[2] In addition, it is emphasized that

<u>section 1257 of title 28 specifically provides that final judgments rendered by the highest court of a</u>

<u>State may be reviewed only by the United States Supreme Court</u>. *See* 11 U.S.C. § 1257(a).[3] Further,

---

[2] This Court incorporates, in its entirety, its October 18, 2018 Memorandum and Order granting summary judgment in favor of Clear Channel and Tennison Brothers and finding the State court tort judgments are valid, non-dischargeable claims against Mr. Thomas under 11 U.S.C. § 523(a)(6). See (Dkt. No. 58, Adv. Proc. No. 16-00260-K) and (Dkt. No. 52, Adv. Proc. No. 16-00261-K) for a more detailed discussion of the State court tort judgments as well as the constitutional arguments alleged by Mr. Thomas. It should be noted that the October 18, 2018 Memorandum and Order is currently pending on appeal in the United States District Court for the Western District of Tennessee. *See Thomas v. Tennison Bros., Inc. & Clear Channel Outdoor, Inc.*, No. 02794 (W.D. Tenn. filed Nov. 15, 2018).

[3] Under provisions conferring jurisdiction on federal courts, such as 28 U.S.C. § 1334, this Court's jurisdiction, as noted, is original, not appellate, and no statute provides for review of state court decisions. *See* 28 U.S.C. § 1257(a). Rather, appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme Court, if applicable. *Id.*

Section 1257 of title 28 provides as follows:

> (a) Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute if the United States is drawn in question or where the validity of a statute if any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257(a).

It is noted that the relevant Tennessee State court tort judgment drawn into question here by Mr. Thomas on the asserted ground of it being repugnant to the federal constitutional law addressed in the billboard opinion, *see Thomas*

the harm resulting from the enforcement of such judgments against Mr. Thomas due to the continued proceedings in this Court, if anything, would be purely economic in nature. As mentioned above, the United States Supreme Court has stated that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Murray*, 415 U.S. at 90. In addition, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (citation omitted).

Lastly, the irreparable injury Mr. Thomas asserts would still exist even if this Court did find its order directing the appointment of a case trustee to be stayed. The only difference in the harm without the stay and with the stay would be that he would remain as debtor in possession as opposed to just a debtor with a Chapter 11 trustee. As such, Mr. Thomas has failed to articulate a "certain and immediate" harm, and any far-reaching effect of the order directing the appointment of a Chapter 11 trustee is merely "speculative and theoretical" and does not rise to the level of irreparable harm.

---

*v. Schroer*, 248 F. Supp. 3d 868 (W.D. Tenn. 2017), of the United States District Court for the Western District of Tennessee is a question perhaps more appropriately resolved by the United States Supreme Court rather than this Bankruptcy Court.

As such, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (stating that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (seeking to have a state court's judgment declared null and void, but holding that lower federal courts may not hear claims actually decided by a state court). This includes an appeal from a lower state court if the state's highest court declined to hear an appeal or lacks jurisdiction to hear an appeal. *See, e.g.*, *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("We can review, however, only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review."). Supreme Court Rule 13 fixes the deadline to file a petition for certiorari within 90 days after the entry of the judgment. Sᴜᴘ. Cᴛ. R. 13.1-13.3. Mr. Thomas failed to comply with this 90-day deadline by not filing a timely petition for a writ of certiorari to review the State court judgment.)

Parenthetically, it is expressly noted that even if this Court were to agree with Mr. Thomas's legal analysis and arguments, nonetheless it still could not rule in his favor. The Tennessee Court of Appeals fully addressed and discussed the Federal Constitutional/State tort rulings. Failure of Mr. Thomas to file a timely petition for a writ of certiorari for review by the United States Supreme Court of the State court tort judgment was fatal to his position here. Simply put, this Bankruptcy Court lacks the authority under these circumstances to review final decisions of state courts because such review can only be conducted by the United States Supreme Court under 28 U.S.C. § 1257.

### *Possible Injury to Other Parties in Interest if Stay is Granted*

As to the third factor, Mr. Thomas asserts that "[t]he amount of time the District Court will require in order to resolve this appeal is negligible when compared to the consequences to Debtor and other creditors if the appointment of a Trustee is granted."  (Dkt. No. 536, p. 10.)  However, Mr. Thomas fails to note one major factor: the possibility of additional appeals arising out of this matter. A stay of this Court's order directing the appointment of a Chapter 11 trustee will leave Mr. Thomas in place as the statutory representative of the § 541(a) estate armed with the full statutory powers of a trustee.  This type of result could harm other parties in interest and is the exact situation this Court tried to avoid by entering its order for the selection and appointment of a Chapter 11 trustee.  Mr. Thomas has acted as debtor in possession since the filing of this Chapter 11 bankruptcy case almost three years ago, and, as noted earlier, a finalized disclosure statement as well as a confirmable plan have yet to be filed by him.  Additionally, the extent and severity of the acrimony among Mr. Thomas and certain other parties in interest here would likely and simply get worse or progress at a faster rate if this Court were to stay the order for the appointment of a Chapter 11 trustee at this time, causing significant harm to the administration of the bankruptcy case.  Allowing the stay of this Court's order would harm the operation of the § 541(a) bankruptcy estate, possibly circumvent the administration of this Chapter 11 case, and conceivably obstruct this Court from furthering and achieving the judicial goal set forth in Federal Rule of Bankruptcy Procedure 1001, which is "to secure the just, speedy, and inexpensive administration of every case and proceeding."  Furthermore, this could unnecessarily and very likely delay the administration of the § 541(a) estate and case administration as a whole without any likelihood of success in the appeal and also without any irreparable injury resulting to Mr. Thomas. As previously noted by this Court in its January 18, 2019 Memorandum and Order, "[a] change is desperately needed in this case and estate administration and is clearly warranted."  (Dkt. No. 526, p. 18.)  As such, the equities clearly do not weigh in favor of a stay and the harm to other parties in interest clearly outweigh any potential injury to Mr. Thomas.

### *Public Interest*

Finally, Mr. Thomas alleges that "[t]he public interest in this case weighs heavily in favor of Thomas because of the nature of the fundamental rights raised in this litigation" and that "[t]here is no public safety interest directly implicated in the matter before this Court." (Dkt. No. 536, p. 11.) However, the United States Supreme Court has stated that "[t]here is always a public interest in prompt execution of' the law. *Nken*, 556 U.S. at 436. Additionally, the United States Trustee, in his objection, stated that "[w]here the government is the opposing party, the third and fourth stay pending appeal factors – potential damage to the opposing party and the public interest – merge." (Dkt. No. 589, pp. 18-19) (citing *Nken*, 556 U.S. at 435). The United States Trustee became a party when it responded to the renewed motion for the appointment of a Chapter 11 trustee. As such, the third and fourth factors in this case merge.

Here, the public interest is better served by the prompt and efficient resolution of cases and proceedings under the Bankruptcy Code. *See* FED. R. BANKR. P. 1001 ("These rules shall be construed, administered and employed . . . to secure the just, speedy, and inexpensive determination of every case and proceeding.") As this Court mentioned in its order granting the appointment of a Chapter 11 trustee, "in this Chapter 11 case there are approximately 600 docket entries that have been made on the Court's docket sheet in the main case, five adversary proceedings, and many Rule 9014 contested matters that have been made." (Dkt. No. 526, p. 17) (footnote omitted). Now, well over 600 docket entries have been made in this Chapter 11 case – still with no end clearly in sight for the entry of a final decree pursuant to FED. R. BANKR. P. 3022. The best interest of the bankruptcy estate, and thus the overall public interest, is not served by staying the appointment of a Chapter 11 case trustee in this case. As the United States Trustee noted, and this Court agrees, "[d]ebtors who fail to perform their functions as required by the Bankruptcy Code may not utilize Chapter 11 to prolong control over their estate when there is no benefit to the public or creditors." (Dkt. No. 589, p. 19) (citing *In re Hi–Toc Dev. Corp.*, 159 B.R. 691, 693 (S.D.N.Y. 1993)). Instead, the public interest is best served here by

allowing a disinterested Chapter 11 case trustee to carry out the required statutory duties and assist in the positive and meaningful progression of this Chapter 11 case, thereby furthering the judicial goal set forth in FED. R. BANKR. P. 1001. As noted earlier, Mr. Thomas, as a "debtor," still has party in interest status under 11 U.S.C. § 1109(b). However, he no longer possesses the powers and duties of a debtor in possession (i.e., powers and duties akin to a trustee).

## CONCLUSIONS

For all of the aforementioned reasons, this Court denies Mr. Thomas's "Emergency Motion to Stay Court's Order Pending Appeal." It is emphasized, and as noted earlier, staying this Court's January 18, 2019 Memorandum and Order essentially would revert this Chapter 11 case back to the original status quo that this Court found this case so desperately needed a change from. Based on a totality of the particular facts and circumstances and applicable law as discussed above, and also for the reasons discussed in the January 18, 2019 Memorandum and Order, this Court finds that Mr. Thomas's instant Motion seeking a stay pending appeal pursuant to FED. R. BANKR. P. 8007(a)(1) should be and hereby is denied.

Accordingly, based on the foregoing and consideration of the entire Chapter 11 case record as a whole, **IT IS ORDERED AND NOTICE IS HEREBY GIVEN** that:

1. Mr. Thomas's "Emergency Motion to Stay Court's Order Pending Appeal" is **DENIED**;

2. The Bankruptcy Court Clerk shall cause a copy of this Order to be sent to the following interested entities:

> William H. Thomas, Jr., *Pro Se*
> 13599 Perdido Key Drive, Unit T-SH2A
> Pensacola, Florida 32507-4644
> *Chapter 11 Debtor*

> Michael E. Collins, Esq.
> Manier & Herod
> 1201 Demonbreun Street, Suite 900
> Nashville, Tennessee 37203
> *Chapter 11 Trustee*

18

Robert W. Miller, Esq.
Manier & Herod
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
*Attorney for Chapter 11 Trustee*

Paul A. Randolph, Esq.
Acting United States Trustee for Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103

Sean M. Haynes, Esq.
Assistant United States Trustee for Region 8
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103

Carrie Ann Rohrscheib, Esq.
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103

Robert L. J. Spence, Jr., Esq.
Kristina A. Woo, Esq.
The Spence Law Firm
80 Monroe Avenue, Garden Suite One
Memphis, Tennessee 38103
*Attorneys for Clear Channel Outdoor, Inc.*

Kathy Baker Tennison, Esq.
8295 Tournament Drive, Suite 150
Memphis, Tennessee 38125
*Attorney for Tennison Brothers, Inc.*

Stuart B. Breakstone, Esq.
Adrian Vivar, Esq.
1661 International Place Drive, Suite 400
Memphis, Tennessee 38120
*Attorneys for Tennison Brothers, Inc.*

Michael B. Willey, Esq.
Stuart F. Wilson-Patton, Esq.
Lorrie N. Hayes, Esq.
Office of the Attorney General
State of Tennessee
P.O. Box 20207
Nashville, Tennessee 37202
*Attorneys for Tennessee Department of Transportation*

Adam M. Langley, Esq.
Butler Snow, LLP
P.O. Box 171443
Memphis, Tennessee 38187
*Attorney for Lynn Schadt Thomas*

S. Keenan Carter, Esq.
Butler Snow, LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
*Attorney for Lynn Schadt Thomas*

Barbara M. Zoccola, Esq.
Assistant United States Attorney
167 N. Main, Suite 800
Memphis, Tennessee 38103
*Attorney for Internal Revenue Service*

John J. Cook, Esq.
Kelly L. Hagy, Esq.
Walk Cook & Lakey, PLC
431 S. Main Street, Suite 300
Memphis, Tennessee 38103
*Attorneys for City of Memphis*

Elijah Noel, Jr., Esq.
P.O. Box 2751
Memphis, Tennessee 38101
*Attorney for Shelby County Trustee*

Additional courtesy and informational copies to:

Michael P. Coury, Esq.
Jessica Lynn Indingaro, Esq.
Glankler Brown, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119